UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**CERTIFICATE OF CONFIDENTIALITY, LOCAL RULE 25(c)**

No. 26-1227 Caption: Lee Schmidt v. City of Norfolk

Appellants

(appellant, appellee, petitioner, respondent, other)

certifies the following information regarding sealing of the document(s) described below:

1. Identify document(s) filed (e.g., sealed appendix volume, sealed version of brief):

Sealed appendix volumes VI, VII, VIII, IX

2. Is sealing of document(s) necessary?

☐ No

☑ Yes, to protect material sealed under the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order

3. Date(s) of order(s) sealing the material or, if there is no order, the authority relied upon to treat the material as sealed:

04/25/2025 (modified consent protective order, ECF No. 59); 07/02/2025 (order granting motion to seal, ECF No.95); 10/31/2025 (order on motions to seal, ECF No. 177)

4. Terms of order sealing the material, including who is permitted access to sealed material (if filed ex parte, document must be marked SEALED and EX PARTE):

See addendum.

5. (For SEALED APPENDIX) Sealed record material has been separated from any unsealed record material and placed in a separate, sealed volume of the appendix.

☑ Yes

6. (For SEALED BRIEFS, SEALED DOCUMENTS) Two versions of document are filed: Sealed version with sealed material highlighted and public version with sealed material redacted.

☐ Yes

## CERTIFICATE OF SERVICE

I certify that on 4/13/2026 the sealed document(s) identified in this Certificate of Confidentiality were served on the following parties or counsel of record outside of CM/ECF at the addresses listed below. Service may be made by direct email or other electronic means with the prior written consent of the party to be served. In consolidated criminal cases, identify which sealed appendix volumes were served on each party or attorney.

Elaine J. Goldenberg
MUNGER, TOLLES, & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 2000
Elaine.Goldenberg@mto.com

Adam D. Melita
Karla J. Soloria
CITY OF NORFOLK DEPARTMENT OF LAW
810 Union Street, Suite 900
Norfolk, VA 23510
adam.melita@norfolk.gov
karla.soloria@norfolk.gov

/s/ Michael Soyfer
Signature

04/13/26
Date

## Addendum to Certificate of Confidentiality

Under the district court's Protective Order, the following categories of people are permitted access to "Protected Material" that has been marked confidential:

a. the Court and its personnel;

b. counsel of record for the Parties and attorneys, paralegals, and other support staff working under their direct supervision and direction;

c. the Parties;

d. outside consulting or testifying experts retained as part of the litigation of this action and their necessary support personnel, provided that the consultant or expert has signed the "Agreement to Be Bound By Protective Order" attached as Exhibit 1 to the Protective Order before receiving any Protected Material;

e. an officer before whom a deposition is taken, including court reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

f. any deponent or trial witness during deposition preparation, a deposition, trial testimony preparation, or trial testimony, where counsel in good faith believes that disclosure is necessary or useful for the preparation or examination of the witness;

g. any person who is identified in the content or metadata of the Protected Material as an author, addressee, or recipient of the Protected Material;

h. when the Protected Material is a meeting record, any attendee of the meeting;

i. any person who would have likely reviewed, prior to its designation as Protected Material, said Material during his or her employment as a result of the nature of his or her position;

j. outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors, contract review attorneys, and trial and jury consultants), as necessary and useful in connection with this Action; *and*

k. any other person whom the parties and, when applicable, the nonparty who designated the Protected Material agree, expressly in writing, may receive such Material (which agreement cannot be unreasonably withheld).

Protected Material that has been marked "Attorneys' Eyes Only" may be accessed only by the categories of people identified in (a), (b), (d), (e), (g), (h), (i), (j), and (k) above. This list excludes the parties and witnesses during preparation or testimony.